UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:22-cv-20359

MANUEL SANCHEZ, and all
others similarly situated,

     Plaintiffs,

vs.

MOBILE BATTERY
SERVICES, INC, a Florida
Corporation and RICHARD
JARAMILLO, SR., individually,

     Defendants.

## COLLECTIVE ACTION COMPLAINT

1.     Plaintiff, Manuel Sanchez ("Plaintiff") bring this collective action on behalf of himself and other similarly situated employees of Defendants, Mobile Battery Services, Inc, a Florida Corporation (Defendant "Mobile Battery") and Richard Jaramillo, Sr. (Defendant "Jaramillo"), individually, (collectively, Mobile Battery and Jaramillo shall be referred to as "Defendants") for overtime compensation, liquidated damages, reasonable attorneys' fees and costs, and other relief under the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 *et. Seq*; wrongful termination under Sec. 440.205, Fla. Stat.; unjust enrichment; and unpaid wages pursuant to Sec. 448.08.

2.     During all material times, Plaintiff has been an individual above the age of eighteen, a resident of Miami-Dade County, Florida, and is otherwise *sui juris*.

3.     During all material times, Defendants conducted business within the State of Florida, and within Miami-Dade County, Florida.

4.      The Defendants refused to pay Plaintiff, and others similarly situated employees earned overtime throughout their respective employment periods.

5.      By failing to pay overtime wages to Plaintiffs and all others similarly situated persons as detailed herein, Defendants have violated the FLSA.

## JURISDICTION

6.      Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

7.      The Defendants are and, at all times pertinent to this Complaint, were engaged in interstate commerce. At all times pertinent to this Complaint, the Defendants operate as an organization which sells and/or markets its services and/or goods and/or materials to customers and also provides its services for goods sold and transported from across state lines, and otherwise regularly engages in interstate commerce.

8.      For example, Plaintiff and similarly situated employees' duties involved working in the field to assist stranded motorists.  To perform their duties, Plaintiff and similarly situated employees were supplied tools by the Defendants to complete their jobs.  Additionally, Defendants provided Plaintiffs and similarly situated employees with work vehicles that Plaintiff and similarly situated employees were required to drive to certain job locations.  The tools and vehicles that Defendants provided to Plaintiff and similarly situated employees moved in, or were produced for, interstate commerce.

9.      The venue of this Court over this controversy is proper based on the claims arising in Miami-Dade County, Florida.

## PARTIES

10.     At all times material hereto, Plaintiff and all others similarly situated, were employed by the Defendants as mobile repairpersons, and performed non-exempt duties on behalf of the Defendants during the material time period.

11.     Upon information and belief, the annual gross revenue of Defendant Mobile Battery was at all times material hereto in excess of $500,000.00 per annum.

12.     By reason of the foregoing, Defendant Mobile Battery is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

13.     Defendant Jaramillo owns and operates a company for profit in Miami-Dade County, Florida, and employ persons such as Plaintiff and other similarly situated employees to work on his behalf in providing labor for his business.

14.     Defendant Jaramillo is within the personal jurisdiction and venue of this Court.

15.     At all times material hereto, Defendant Jaramillo managed, owned and operated a company for profit in Miami-Dade County, Florida and regularly exercised the authority to control the terms and conditions of Plaintiff's and similarly situated employees' employment.  For example, Defendant Jaramillo had the ability to hire and fire the Plaintiff, determine the work schedule of the Plaintiff, set the rate of pay of the Plaintiff, and control the finances and operations of his business. By virtue of such control and authority, Defendant Jaramillo was an employer of Plaintiffs as such term is defined by 29 U.S.C. § 203(d).

16.     All conditions precedent have been completed prior to the filing of this suit.

17.     Plaintiff has retained the law firm of Jonathan S. Minick, P.A. to represent them and have incurred attorneys' fees and costs in bringing this action.

18.     Pursuant to 29 U.S.C. §216(b), Plaintiffs are entitled to recovery of reasonable attorneys' fees and costs.

### COUNT I
### RECOVERY OF OVERTIME COMPENSATION AGAINST DEFENDANTS

19.     Plaintiff re-alleges and incorporate herein by reference all allegations contained in Paragraphs 1 through 18 above.

20.     Plaintiff and those similarly situated are entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of Forty (40) hours per work week.

21.     Plaintiff and all similarly situated employees of Defendants are owed their overtime rate for each overtime hour they worked and were not properly paid.

22.     Defendants knowingly and willfully failed to pay Plaintiff and those similarly situated employees at time and one half of their regular rate of pay for all hours worked in excess of forty (40) hours per week.

23.     Plaintiff and those similarly situated are not exempt from the overtime provisions of the FLSA.

24.     The failure of Defendants to compensate Plaintiff and similarly situated employees at their given rate of pay for all hours worked is in violation of the FLSA.

25.     By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly employees have suffered damages plus incurring costs and reasonable attorneys' fees.

26.     As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

WHEREFORE, Plaintiff, and those similarly situated, demand judgment against Defendant, joint and severally, for the payment of compensation for all overtime hours at one and

one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

## COUNT II
## UNPAID WAGES - §448.08, FLA. STAT. AGAINST MOBILE BATTERY

27.     Plaintiff re-alleges and incorporate herein by reference all allegations contained in Paragraphs 1 through 18 above.

28.     Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of Forty (40) hours per work week.

29.     Plaintiff is are owed his overtime rate for each overtime hour he worked and was not properly paid.

30.     Defendants knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) hours per week.

31.     The failure of Defendants to compensate Plaintiff at his given rate of pay for all hours worked is a violation of §448.08, Fla. Stat.

WHEREFORE, Plaintiff demands judgment for back pay, liquidated damages, interest, attorney's fees and costs, and for such other relief to which Plaintiff may be justly entitled.

## COUNT III
## CLAIM FOR RETALIATORY DISCHARGE
## IN VIOLATION OF §440.205, FLA. STAT. AGAINST MOBILE BATTERY

32.     Plaintiff re-alleges and incorporate herein by reference all allegations contained in Paragraphs 1 through 18 above.

33.     Florida Statute §440.205 states:

No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for

compensation or attempt to claim compensation under the Workers' Compensation Law.

34.     In January 2021, Plaintiff was hired by Mobile Battery.  The Plaintiff was duly qualified for this position and at all times performed his job duties at or above expectation.

35.     On or about January 23, 2020, Plaintiff suffered a work-related injury while performing labor on behalf of Mobile Battery.

36.     After suffering his work-related injury, Plaintiff reported his injuries to Defendant, and requested workers' compensation benefits from the Defendant.

38.     Despite Plaintiff's request, Defendant failed to provide Plaintiff with workers' compensation benefits and instead terminated Plaintiff's employment.

39.     Plaintiff retained counsel to assist him in obtaining workers' compensation benefits.

40.     The reasons Defendant claims it terminated Plaintiff, if any, are merely pretextual.

41.     As a result of Plaintiff's request for worker's compensation benefits pursuant to Ch. 440, Fla. Stat., Defendant terminated Plaintiff's employment.

42.     Defendant did not allow Plaintiff to re-commence work after being discharged.

43.     A motivating factor which caused Plaintiff to be discharged as described above was Plaintiff's request for worker's compensation benefits pursuant to Ch. 440, Fla. Stat.

44.     The actions Defendant took regarding Plaintiff's termination were in direct violation of §440.205, Fla. Stat.

45.     The Defendant retaliated against the Plaintiff for seeking valid worker's compensation benefits.

46.     As a direct result of Defendant's violation of §440.205, Fla. Stat., Plaintiff has been damaged.

WHEREFORE, Plaintiff requests judgment against the Defendant for:

A. actual and consequential damages, plus interest;

B. compensatory damages for pain, suffering and humiliation;

C. back pay, pre-judgment interest, front-pay, post-judgment interest, and damages for all employment and retirement benefits he would have received but for Defendant's actions and/or omissions.

D. Any and other further relief as this Court may deem just and appropriate under the circumstances.

## COUNT III
## CLAIM FOR UNJUST ENRICHMENT AGAINST MOBILE BATTERY

47.     Plaintiff re-alleges and incorporate herein by reference all allegations contained in Paragraphs 1 through 18 above.

48.      Plaintiff earned overtime wages over the course of his employment which remain unpaid by the Defendant.

49.     Defendant has failed and refused to make payments to Plaintiff as required by law.

50.     Plaintiff has retained the undersigned counsel and is obligated to pay a reasonable fee for services.

51.     Pursuant to Section 448.08, Florida Statutes, Plaintiff is entitled to recovery of reasonable attorneys' fees and costs for Defendant's failure to properly pay wages.

WHEREFORE, Plaintiff demands judgment against Defendants, joint and severally, for back pay, liquidated damages, interest, attorney's fees and costs and for such other relief to which Plaintiff may be justly entitled.

## <u>DEMAND FOR JURY TRIAL</u>

52. Plaintiff demand trial by jury as to all issues so triable.


Dated:  February 3, 2022                    Respectfully submitted,


                                            s/Jonathan S. Minick_____
                                            Jonathan S. Minick, Esq.
                                            FBN:  88743
                                            E-mail:  jminick@jsmlawpa.com
                                            Jonathan S. Minick, P.A.
                                            169 E. Flagler St., Suite 1600
                                            Miami, Florida 33131
                                            Phone: (786) 441-8909
                                            Facsimile: (786) 523-0610
                                            Counsel for Plaintiff