UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:22-cv-20359

MANUEL SANCHEZ, CAMILO PEREZ, and all others similarly situated,

    Plaintiffs,

vs.

MOBILE BATTERY SERVICES, INC, a Florida Corporation and RICHARD JARAMILLO, SR., individually,

    Defendants.

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT,
TO DISMISS WITH PREJUDICE, AND TO RETAIN JURISDICTION**

Plaintiffs, MANUEL SANCHEZ, CAMILO PEREZ ("Plaintiffs"), and Defendants, MOBILE BATTERY SERVICES, INC, a Florida Corporation and RICHARD JARAMILLO, SR., ("Defendants") (together referred to as the "Parties"), by and through their respective undersigned counsel, file this Joint Motion to Approve Settlement Agreement, to Dismiss with Prejudice, and to Retain Jurisdiction.

**PRELIMINARY STATEMENT**

1. On February 3, 2022, Plaintiffs filed a Complaint in this matter alleging, *inter alia*, that Defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 ("FLSA"), by failing to pay overtime for the hours they worked for Defendant. [DE 1].

2. Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor.  Accordingly, the Parties request that

1

this Court approve the terms of the settlement agreement in this matter, dismiss this matter with prejudice, and retain jurisdiction in order to enforce the terms of the Parties' settlement.

## **ARGUMENT AND CITATION OF AUTHORITY**

THE SETTLEMENT AGREEMENT NEGOTIATED BY THE PARTIES IS A FAIR AND REASONABLE RESOLUTION OF THE FLSA CLAIMS IN THIS MATTER. ACCORDINGLY, THIS COURT SHOULD APPROVE THE SETTLEMENT AGREEMENT.

Pursuant to the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the Court. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1350. To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *See id.*

A bona fide dispute as to Plaintiff's claim exists/existed. During the course of discussions between the Parties concerning the merits of Plaintiff's claims and Defendant's defenses, it was determined a) that while Plaintiff continued to believe he had a claim against Defendant, Plaintiff's damages may have been more limited than originally anticipated even should he prevail, b) that the Parties were prepared to move forward with their respective claims and defenses, c) that the Parties would incur significant fees and costs in doing so, d) that there was significant uncertainty on both sides regarding the ultimate outcome of the case, and e) the parties also considered the financial resources of Defendants and the health of the individual Defendant. It was also considered that any liability may have occurred despite good faith intentions to comply with the FLSA, thereby potentially minimizing or eliminating liquidated damages. As a result of the foregoing and recognizing the cost of protracted litigation, the Parties reached an agreement that

they considered to be fair and equitable, while at the same time limiting imposition on the Court's limited judicial resources. The Parties memorialized their agreement through the execution of a Confidential Settlement Agreement between Plaintiff and Defendant. *See* Exhibit 1. The Parties' agreement contains, but is not limited to, the following material terms:

  A. Defendants will pay Plaintiffs all wages the Parties agreed would be equitable given the concerns of the Parties reflected above, as well as attorney's fees and costs.

  B. Defendants do not admit liability or wrongdoing under the FLSA, or any other basis.

  C. Plaintiffs have agreed to release Defendants from liability for any claims that were brought or that could have been brought against Defendants.

  D. Plaintiffs have agreed to dismiss this action with prejudice with the Court to retain jurisdiction to enforce the terms of the settlement.

  F. The attorneys' fees and costs claimed by the Plaintiffs is an amount which is fair and reasonable and was negotiated separate and apart from any settlement reached by the Plaintiffs; and

  G. The terms of the settlement agreement are contingent upon approval by the Court.

The Parties agree that the above-delineated settlement terms represent a fair and equitable resolution of this matter. Accordingly, the Parties respectfully request that the Court enter an Order approving the terms of the settlement of Plaintiffs' claims and dismiss this action with prejudice and that this Court shall retain jurisdiction to enforce the terms of the settlement.

Should this Court require any further information regarding the settlement agreement and the fairness of the terms therein, then the Parties request a hearing to address the Court's concerns.

WHEREFORE, the Plaintiffs and Defendants respectfully request that the Court enter an Order approving the terms of the Settlement Agreement, dismissing this action with prejudice, and retaining jurisdiction in order to enforce the terms of the Parties' settlement.

Dated:  April 18, 2023

| s/Jonathan S. Minick | s/Gary A. Costales |
|---|---|
| Jonathan S. Minick, Esq. | Gary A. Costales, Esq. |
| Fla. Bar No. 88743 | Fla. Bar. No.: 0948829 |
| Jonathan S. Minick, P.A. | Email:  costalesgary@hotmail.com |
| 169 E. Flagler Street, Suite 1600 | Gary A. Costales, P.A. |
| Miami, Florida 33131 | 1533 Sunset Drive, Suite 150 |
| Telephone: (786) 441-8909 | Miami, FL 33143 |
| Facsimile: (786) 523-0610 | (786) 446-7298 (direct) |
| E-mail: jminick@jsmlawpa.com | (305) 323-7274 (facsimile) |
| *Counsel for Plaintiffs* | *Counsel for Defendants* |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2023 I electronically filed the foregoing document with the Clerk of Court using the Florida Courts E-Filing Portal.  I also certify that the foregoing document is being served this day on all counsel of record and interested parties, via transmission generated by the Florida Courts E-Filing Portal or by U.S. Mail, pursuant to rule 2.516, Florida Rules of Judicial Administration.

By: s/ Jonathan Minick
      Jonathan Minick

## SERVICE LIST

Gary A. Costales, Esq.
Fla. Bar. No.:  0948829
Email:   costalesgary@hotmail.com
Gary A. Costales, P.A.
1533 Sunset Drive, Suite 150
Miami, FL 33143
(786) 446-7298 (direct)
(305) 323-7274 (facsimile)
Attorney for Defendants *Counsel for Defendant*
Service via CM/ECF